UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 07-61298-CIV  COOKE/BANDSTRA

PRECISION FITNESS EQUIPMENT,
INC.,

    *Plaintiff*,

v.

NAUTILUS, INC.,

    *Defendant.*
_____/

**TRANSFER ORDER OPINION**

Plaintiff, Precision Fitness Equipment, Inc. ("Plaintiff" or "Precision"), filed suit in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida. The Original Complaint alleged breach of an oral contract. On the basis of diversity of citizenship, the action was removed to this Court on September 12, 2007 [DE 1]. Plaintiff filed an Amended Complaint [DE 24] on November 20, 2007, alleging breach of both an oral contract and a written contract with Nautilus, Inc. ("Defendant" or "Nautilus"). Defendant's Motion to Dismiss, or, In the Alternative, to Transfer Venue [DE 28], was filed on December 17, 2007.

Defendant's Motion to Dismiss is denied because the action was properly removed to this Court from state court. When a case is properly removed on diversity grounds to a federal district court in the district where the state action was pending, venue in that district court is established as a matter of law, and a defendant cannot thereafter move to dismiss the action on venue grounds even if venue was improper when the case was initially filed. 28 U.S.C. § 1441(a); *Hollis v. Florida State University*, 259 F.3d 1295, 1299 (11th Cir. 2001) (finding that venue is fixed and the general venue provision of 28 U.S.C. § 1391 does not apply where there

has been a proper removal under 28 U.S.C. § 1441(a)).  Therefore, dismissal of the action under 28 U.S.C. § 1406(a) would be improper.

Defendant moved, alternatively, to transfer venue to the United States District Court for either the District of Colorado or the Western District of Washington.  A motion to transfer from one federal district to another is governed by 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  This statute authorizes a court to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses and the public, and to conserve time, energy and money.  *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).  Moreover, the Eleventh Circuit has recognized that district courts have broad discretion in determining whether to transfer a case to another district for the convenience of the parties and witnesses, and in the interests of justice.  *See England v. ITT Thompson Industries*, Inc., 856 F.2d 1518, 1520 (11th Cir. 1988); *Thermal Technologies, Inc., v. Dade Service Corp.*, 282 F. Supp. 2d 1373, 1375 (S.D. Fla. 2003).

To determine the propriety of transfer, courts engage in a two-step analysis under § 1404(a).  First, courts determine whether the action could have been brought in the venue in which transfer is sought.  Second, courts assess whether convenience and the interest of justice require transfer to the requested forum.  *See Thermal Technologies*, 282 F. Supp. 2d at 1376; *Jewelmasters, Inc. v. May Dep't Stores*, 840 F. Supp. 893, 894-95 (S.D. Fla. 1993) (citing *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19 (1960)).

Here, the first step is simple.  It is undisputed that the action could have originally been brought in the District of Colorado.  The District Court for that District has the same diversity jurisdiction over the matter as this Court does.  *Jewelmasters*, 840 F. Supp. at 894.  Defendant is

subject to personal jurisdiction in the District of Colorado and would be amenable to service of process issued by a Colorado court because it does business and maintains offices in that state. *Id*. at 894-95.  Although much of the alleged wrongful activity by Defendant occurred in southern Florida, the written contract between the parties was executed in Colorado.  Furthermore, that contract contains a facially valid forum-selection clause, which states, "[a]ny controversies or claims arising out of this Agreement shall be subject to the exclusive jurisdiction of the state or federal courts for Boulder County, Colorado," [DE 28-3].  Therefore, venue is also proper there, and this case could have been filed in the District of Colorado.

I turn now to § 1404(a)'s second step—whether the District of Colorado is the more appropriate venue for this case.  In making this determination, courts focus on the following factors:  (1) convenience of the parties; (2) convenience of the witnesses; (3) relative ease of access to sources of proof; (4) availability of process to compel presence of unwilling witnesses; (5) cost of obtaining presence of witnesses; (6) plaintiff's choice of venue; and (7) the public interest.  *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-509 (1946); *Windmere Corp. v. Remington Products, Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985).  Courts also consider the fairly bargained arrangements of the parties, and "a valid forum selection clause [should be] given controlling weight in all but the most exceptional circumstances." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 34 (1988) (Kennedy, J., concurring).  *See also Hospitality Design Consultants, Inc. v. Ventura Beach Ventures, LLC*, 2007 U.S. Dist. LEXIS 61378, at *3 (S.D. Fla. Aug. 21, 2007); *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) (finding that the venue mandated by a forum-selection clause rarely will be outweighed by other 1404(a) factors).

In the present case, these factors are somewhat divided as to whether venue more properly rests in Florida or Colorado.  Most of Plaintiff's key witnesses and documents are located in the

Southern District of Florida. Many of Defendant's witnesses and documents are located in the District of Colorado. The forum-selection clause, however, outweighs the fact that Precision is a company holding assets solely in Florida, that the performance in accordance with the contract occurred in Florida, and that most, if not all, of Precision's witnesses are located in Florida. *Hospitality Design Consultants, Inc.*, 2007 U.S. Dist. LEXIS 61378, at *3-4 (finding that the state in which parties do business, the location in which events leading to litigation occurred, and the location of witnesses were insufficient to override the weight of a forum-selection clause). Venue is most proper in the District of Colorado, and thus, this action should be transferred.

In addition to alleging breach of a written contract between the parties, Plaintiff also alleges that Defendant breached an oral contract. Because, facially, the alleged oral contract is not a separate undertaking and is merely modifying the terms of the underlying written contract, any question involving interpretation or application of the alleged oral contract is subject to the facially valid forum-selection clause contained in the written contract. Thus, the District of Colorado is the most proper venue for determination of the alleged oral contract as well.

To deny transfer to the District of Colorado would be to contravene the interest of justice. The Court, having reviewed the motion and having been fully briefed by both parties on the matter and being otherwise advised, hereby, **TRANSFERS** the case to the **United States District Court for the District of Colorado**.

**DONE and ORDERED** in Chambers in Miami, FL this 29th day of May 2008.

_____
MARCIA G. COOKE
United States District Judge

Copies to:
*The Hon. Ted E. Bandstra*
*Counsel of record*